UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOE MOORE, : | |
|     Petitioner, : | |
| : | |
| v. : | Case No. 3:14cv700(VAB) |
| : | |
| WARDEN CHAPDELAINE, : | |
|     Respondent. : | |

**RULING ON PETITION FOR WRIT OF HABEAS CORPUS**

    Petitioner, Joe Moore, is currently confined at the MacDougall-Walker Correctional Institution in Suffield, Connecticut. He brings this action *pro se* for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his December 2010 convictions for robbery in the first degree, use of a firearm in the commission of a felony, being a persistent felony offender, and committing a crime while out on bond. For the reasons that follow, his petition is dismissed.

**I.**      **Procedural Background**

    On October 26, 2010, in the Connecticut Superior Court for the Judicial District of Tolland, a jury found Mr. Moore guilty of one count of robbery in the first degree in violation of Conn. Gen. Stat. § 53a-134(a)(4) and one count of use of a firearm during a felony in violation of Conn. Gen. Stat. § 53-202k. *See State v. Moore*, Case No. TTD-CR-09-0094990-T; Am. Pet. Writ of Habeas Corpus at 2-3, ECF No. 8. A judge subsequently determined that Mr. Moore had committed the two offenses for which he had been found guilty, while he was on release on bond in violation of Conn. Gen. Stat. § 53a-40b. *See State v. Moore*, 141 Conn. App. 814, 815, 817, 64 A.3d 787, 788, 789 (2013). Mr. Moore also pleaded guilty to being a persistent felony offender in violation of

Conn. Gen. Stat. § 53a-40(f). *See Moore*, 141 Conn. App. at 818, 64 A.3d at 789. On December 14, 2010, a judge imposed a total effective sentence of thirty-four years of imprisonment. *See id.*; Am. Pet. Writ of Habeas Corpus at 2, ECF No. 8.

On appeal, Mr. Moore challenged his convictions on two grounds. He argued that the trial judge erred in denying his motion for judgment of acquittal on the ground of insufficient evidence and that his sentence enhancement violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See Moore*, 141 Conn. App. at 816, 64 A.3d at 788. On April 9, 2013, the Connecticut Appellate Court affirmed the judgment of conviction. *See id.* at 825, 64 A.3d at 793. On June 20, 2013, the Connecticut Supreme Court denied the petition for certification for appeal to review the decision of the appellate court. *See State v. Moore*, 309 Conn. 908, 68 A.3d 663 (2013).

At some point after he was sentenced in state court, Mr. Moore filed a petition for sentence review.[1] On February 25, 2014, the Sentence Review Division affirmed Mr. Moore's sentence. *See State v. Moore*, No. TTDCR0994904, 2014 WL 1193431 (Conn. Super. Ct. Feb. 25, 2014).

Mr. Moore also states that he filed multiple state habeas petitions and includes three different state court docket numbers for cases filed in 2014. *See* Am. Pet. Writ of Habeas Corpus at 5-7, ECF No. 8 (citing Case Nos. CV-14-4006224, CV14-4003025, TCR-CV-14-4006521). He indicates that he is still awaiting the outcome of these petitions. *See id.*

---

[1] As a matter of Connecticut procedure, the Sentence Review Division is empowered to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in [ ] light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended." *State v. Moore*, No. TTDCR0994904, 2014 WL 1193431, at *1 (Conn.

**II.     Standard of Review**

A prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement seeks to promote considerations of comity between the federal and state judicial systems. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

To satisfy the exhaustion requirement, a petitioner must present the essential factual and legal bases of his federal claim to each appropriate state court, including the highest state court capable of reviewing it, in order to give state courts a full and fair "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks and citation omitted). A federal claim has been "fairly present[ed] in each appropriate state court (including a state supreme court with powers of discretionary review)" if it "alert[s] that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks and citation omitted). A petitioner "does not fairly present a claim to a state court if that court must read beyond a petition or a brief . . . that does not alert it to the presence of a federal claim in order to find material . . . that does so." *Id.* at 32.

Failure to exhaust may be excused only where "there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam). A petitioner cannot, however, simply wait until state appellate remedies no longer are available and argue that the claim is exhausted. *See Galdamez v. Keane*, 394 F.3d 68, 73-74 (2d Cir.), *cert. denied*, 544 U.S. 1025 (2005).

---

Super. Ct. Feb. 25, 2014) (citing Connecticut Practice Book §§ 43-23 *et seq.*) (internal quotation marks omitted).

**III.   Discussion**

In this case, Mr. Moore raises one ground for relief.  He states that he asked his trial attorney to file motions seeking finger print and DNA evidence, but counsel refused to the file the motions.  Am. Pet. Writ of Habeas Corpus at 9, ECF No. 8.  Thus, he claims that counsel was ineffective.  He alleges that he raised this claim in a state habeas petition, *Moore v. Warden*, CV-14-4006224, in the Connecticut Superior Court for the Judicial District of Rockville.[2]  *Id.* at 12.  He indicates that the petition is still pending.   Thus, Mr. Moore has not exhausted his available state court remedies as to the claim raised in the current Amended Petition.   Nor has he alleged facts that might constitute a basis to excuse the exhaustion requirement.  Accordingly, the Amended Petition is dismissed without prejudice.

**IV.   Conclusion**

The Amended Petition for Writ of Habeas Corpus [**ECF No. 8**] is **DISMISSED** without prejudice for failure to exhaust state court remedies as to the only claim in the Amended Petition.  Mr. Moore may re-file his federal habeas petition after he has exhausted his state court remedies.[3]

---

[2] Information regarding this case may be found at: http://www.jud.ct.gov/jud2.htm under Civil/Family/Housing Case Look-up and Docket Number Search using TSR-CV14-4006224-S (last visited on August 18, 2016).  The matter is scheduled for trial in September 2016.

[3] The Court notes that the Second Circuit has cautioned district courts not to dismiss a mixed petition containing exhausted and unexhausted claims where an outright dismissal would preclude the petitioner from having all of his claims addressed by the federal court.  The Second Circuit advised the district court to stay the petition to permit the petitioner to complete the exhaustion process and return to federal court.  *See Zarvela v. Artuz*, 254 F.3d 374, 380-83 (2d Cir. 2001) (recommending that the district court stay exhausted claims and dismiss unexhausted claims with direction to timely complete the exhaustion process and return to federal court "where an outright dismissal 'could jeopardize the timeliness of a collateral attack.'") (citation omitted).  *Zarvela* is inapplicable to this case because Mr. Moore's Amended Petition is not mixed.  The sole claim in the petition has not been exhausted.  Accordingly, dismissal without prejudice is appropriate here.  *See e.g.*, *Baity v. McCary*, No. 02 Civ. 1817 LAPAJP, 2002 WL 31433293, at *2 (S.D.N.Y. Oct. 31, 2002) (because petitioner "failed to exhaust *any* of his claims, this Court has no basis to retain jurisdiction over his unexhausted habeas petition, which should be dismissed.").

The Court concludes that jurists of reason would not find it debatable that Petitioner failed to exhaust his state court remedies with regard the sole ground in the Amended Petition.  Thus, a certificate of appealability will not issue.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (holding that, when the district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's ruling).  The Clerk is directed to close this case.

SO ORDERED at Bridgeport, Connecticut this twenty-third day of August 2016.

    /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE